REBECCA COON, APPELLANT, v. JAMES KENNEDY, RESPONDENT.

Argued November 26, 1917—Decided March 4, 1918.

The amendment of October 6th, 1917, to the federal judicial code, saving to claimants the rights and remedies under the workmen's compensation acts of any state, is prospective, and does not validate a compensation action begun in a state court before its passage and which at the time of such passage the state court had no jurisdiction to entertain.

On appeal from the Supreme Court, whose opinion is reported *ante p.* 100.

For the appellant, *James D. Carpenter, Jr.*

For the respondent, *Isidor Kalisch.*

The opinion of the court was delivered by

PARKER, J.   We concur in the result reached by the Supreme Court, that the federal jurisdiction over the case presented was exclusive, and for the reasons given in the opinion of that court.

It is argued here that an amendment of sections 24 and 256 of the federal judicial code, which amendment was approved October 6th, 1917, by the President of the United States, and became a law upon such approval, operates to save the jurisdiction of the Court of Common Pleas to deal with this case as a workmen's compensation case.   To this we do not agree.   The fatal accident occurred on August 4th,

1915; the proceeding in the Common Pleas was instituted March 24th, 1916, and the determination of that court filed on June 17th, 1916. The *certiorari* was argued in the Supreme Court at the February term, 1917, and decided in the June term of that year; just when does not appear, except that the rule for reversal was signed October 20th, 1917. The position of appellant necessarily must be that the federal amendment, which took effect October 6th, 1917, is retroactive to the extent of supporting a claim of workmen's compensation based on an accident which occurred over two years before its enactment and which claim our courts had no jurisdicition to entertain up to within a few days before the reversal on that ground in our Supreme Court. In view of the accepted rule that statutes are to be construed as prospective in their operation unless there is a clearly expressed legislative intent to the contrary (*Frelinghuysen* v. *Morristown,* 77 *N. J. L.* 493; *In re St. Michael's Church,* 76 *N. J. Eq.* 524, 532), there should be some legislative declaration indicating the intent of congress that actions previously begun in the state courts without jurisdiction are to acquire a status therein if still pending. We find no such intent even intimated. Section 24 of the judicial code in its original form began by providing that "the District Courts shall have jurisdiction as follows:" and in clause 3 mentioned civil cases of admiralty and maritime jurisdiction saving common law remedies. Section 256 provided that the jurisdiction of the federal courts should be exclusive of that of the state courts, *inter alia,* in cases of admiralty and maritime jurisdiction, saving common law remedies. The amendment of October 6th, 1917, re-enacted these clauses, adding to the saving clause in each place the words "and [saving] to claimants the rights and remedies under the Workmen's Compensation law of any state." This indicates, at the most, no more than an intent to confer the particular jurisdiction on state courts to entertain compensation cases thereafter begun, but it is very far from providing that extra-jurisdictional actions are to acquire a status if not theretofore terminated.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.